IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


RALPH J. MULLINS,

        Plaintiff,

    v.                                    CIVIL NO. 1:22cv98
                                               (KLEEH)
CRANSTON DAVID JOHNSON,
et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 38]

Pending before the Court is *Defendant's Motion for Summary Judgment* [ECF No. 38]. For the reasons discussed herein, the Motion is **GRANTED IN PART and DENIED IN PART.**

### I.   PROCEDURAL HISTORY

On September 23, 2022, Plaintiff Ralph J. Mullins ("Plaintiff"), by counsel, filed a Complaint against Cranston D. Johnson, Steve Andryzcik, Edie Viola, Gary Weber, Jeffery Friend, Duane Tatar, Timothy Stranko, Sandy Weiss, and the City of Westover. ECF No. 1. The Complaint alleged (1) 42 U.S.C. § 1983 retaliation in violation of the First Amendment; (2) 42 U.S.C. § 1983 violation of the Fourth Amendment; (3) 42 U.S.C. § 1983 violation of the Fourteenth Amendment; (4) 42 U.S.C. § 1983 Monell Liability; (5) Slander; (6) Assault; (7) Battery; (8) violation of the West Virginia Whistle-Blower Law; and (9) Intentional Infliction of Emotional Distress. Id. Defendants moved for partial

dismissal of the Complaint [ECF Nos. 4, 15], which was granted in part and denied in part, on March 26, 2024. ECF No. 46.

Defendants moved for summary judgment on January 19, 2024 [ECF No. 38]. Plaintiff responded in opposition to summary judgment on February 9, 2024 [ECF No. 43] and Defendants replied in support of their Motion on February 22, 2024 [ECF No. 44]. Pursuant to this Court's *Memorandum Opinion and Order Granting in Part and Denying in Part Defendants' Motions to Dismiss [ECF Nos. 4, 15]*, the only remaining claims in this case are Counts (VI) assault and (VII) battery against Defendant Johnson and Count (VIII) violation of the West Virginia Whistle-Blower Law against the City of Westover, Defendant Johnson, and Defendant Stranko. ECF No. 46. Thus, Defendants' Motion for Summary Judgment has been fully briefed regarding the remaining counts and is ripe for this Court's review.

## II.   FACTUAL BACKGROUND[1]

Plaintiff Ralph Mullins ("Plaintiff") was appointed to the Westover City Council in the Fall of 2016 and continued to serve through the first months of 2022. ECF No. 1, Compl. at ¶ 43; ECF No. 5, at p. 3;[2] ECF No. 43, at p. 2. During his time in office,

---

[1] The Court's recitation of facts focuses on only the facts presented by the parties relating to the assault, battery, and Whistleblower claims.

[2] Defendants incorporated the fact section from their motion to dismiss into the subject motion. ECF No. 39, at p. 2.

Plaintiff alleged that he witnessed and spoke out regarding troubling conduct involving the Westover City Council, Mayor Cranston D. Johnson ("Defendant Johnson"), City Attorney Timothy Stranko ("Defendant Stranko"), and the Westover Police Department. ECF No. 43 at p. 2; ECF No. 5, at p. 3. Specifically, Plaintiff spoke out on matters of public concern including "injustices," "misdealings,", "government corruption," and "police brutality," during City Council meetings, on at least five occasions. ECF No. 43, Ex. 2; ECF No. 5, at p. 3.  See also, ECF No. 43-1, *Tr. Pl. Mullins*, at p. 74: 14-16 ("Well, the violations of city charter that I spoke out against were basically the abuses of power that were being perpetrated by the mayor."); Id. at p. 82: 4-5 ("I also spoke out about citizens being targeted in Westover.").

As a result of speaking out on matters of public concern, Plaintiff contends he was retaliated against by the Defendants. For example, Plaintiff alleges Defendant Johnson used the Westover City ordinances as a form of harassment and retaliation. Id. at 96:16-100:4. Namely, on July 14, 2021, Plaintiff received a notice of violation from Westover Code Enforcement stating Plaintiff violated City Code 11111.07 by not cutting the grass at his home. Id.; Compl. at ¶ 88. Then, on September 20, 2021, Plaintiff received a second notice of City Code violation, stating he failed to take down a sign for a closed business (City Code 1741.09). Id.; Compl. at ¶ 93. Defendants do not contest that these code

enforcement violations were imposed but contend they were not retaliatory. ECF No. 5 at p. 4.

Most of the facts relating to Plaintiff's remaining claims revolve around events which transpired at a Westover City Council Meeting on February 22, 2022. The parties agree that at the conclusion of the public meeting, the Council convened for an executive session. At such time, Defendant Johnson asked Plaintiff to turn off his recording device. ECF No. 38, Ex. J. However, Plaintiff refused to stop recording the executive session because he believed the West Virginia Ethics Commission ruled that he could lawfully record the meeting. Id.; ECF No. 43, at p. 3; ECF No. 44-1, *Johnson Aff.* at ¶ 3. Plaintiff and Defendant Johnson argued back and forth regarding this issue. Both Plaintiff and Defendant Johnson engaged in name-calling and raised their voices. At some point during the verbal argument, Defendant Johnson rose from his seat and approached Plaintiff's desk and Plaintiff stepped in front of his desk. ECF No. 43-1, at 113:22-114:13. The Westover Chief of Police stepped between them. Id. at 114:11-12.

Plaintiff contends that Defendant Johnson reached around the officer and struck Plaintiff in his right shoulder with enough force to send him backwards and twist his knee. ECF No. 43, at p. 4; ECF No. 43-1 at 22:4-8. Plaintiff testified that he stood up from his desk because Defendant Johnson is "known to fight," and he thought Defendant Johnson might strike him. ECF No. 43-1 at

114:3-9. After the incident, the audio recording reflects that Plaintiff said, "that's a battery," and left the meeting. Id. at 113:2; ECF No. 38, Ex. J. The audio recording reflects that Defendant Johnson told Plaintiff to stick around after the meeting and not to leave. ECF No. 38, Ex. J. Plaintiff took this as Defendant Johnson threatening another physical altercation. ECF No, 43-1, at 112:21-24.

Meanwhile Defendant Johnson stated in his affidavit that Plaintiff aggressively approached him, yelling and threatening him – before Police-Chief Joe Adams stepped between them. ECF No. 44-1, at ¶¶ 6-8. Defendant Johnson stated he put his hands up to protect himself and that Plaintiff made contact with his hand before stumbling backwards. Id. at ¶¶ 8-9. Defendant Johnson does not believe the contact was forceful enough to make Plaintiff stumble. Id. at ¶ 10. Plaintiff pressed charges against Defendant Johnson for criminal battery, but he was found not guilty. ECF No. 38-1. Defendant Johnson further reported to the media that "there's no question it [the altercation] was started and caused by Mullins." ECF No. 38-2.

Following the February 22, 2022 altercation, Plaintiff did not attend another City Council meeting. Id. Plaintiff Johnson requested to attend the March 2022 City Council meeting remotely

but was not granted such permission. ECF No. 43-1, 124-25.[3] During
the March meeting, the City Council unanimously voted to censure
Plaintiff regarding his conduct during the executive session at
the February 22, 2022, meeting. ECF No. 38-3. In censuring
Plaintiff, the City Council made the following findings:

> 1.    Councilor Mullins' actions in contesting an
>       instruction from the Chair were agitated,
>       extreme and outrageous.
>
> 2.    Councilor Mullins refused to remain seated
>       during Council deliberations.
>
> 3.    Councilor Mullins addressed the Mayor and
>       other members of Council in a loud,
>       disorderly, and disrespectful manner.
>
> 4.    Councilor Mullins made threats and
>       threatening gestures to the Chair as the
>       Chair was attempting to restore order.

Id. Defendant Johnson was not censured in relation to the February
2022 meeting. Id.; ECF No. 43-1, at 107:9-19.

### III. LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant
"bears the initial responsibility of informing the district court
of the basis for its motion, and identifying those portions of
'the pleadings, depositions, answers to interrogatories, and

---

[3] During Plaintiff's time on the Westover City Council, no one had
ever appeared by remote means. ECF No. 43-1, 124-25.

admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." Id. at 317–18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court views the evidence in the light most favorable to the non-moving party and draws any reasonable inferences in the non-moving party's favor. See Fed. R. Civ. P. 56(a); see Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc).

## IV.  DISCUSSION

**A. Defendants' Motion for Summary Judgment is GRANTED as to the Whistle-Blower Claim because Plaintiff is not an employee of the City of Westover.**

Plaintiff's claim under the West Virginia Whistle-Blower Law, W. Va. Code § 6C-1-1, et seq, fails as a matter of law because a city council person is not an employee, and thus is not a protected whistle-blower.[4] The Whistle-Blower Law "prohibits an employer from

---

[4] During the motion to dismiss stage, the Court assumed for pleading purposes that Plaintiff was an employee under the Whistle-Blower Law. Now that the parties have had the opportunity to conduct discovery and the legal issue has been sufficiently briefed, the

making certain adverse employment changes in retaliation for an employee's protected conduct." <u>State ex rel. W. Virginia Att'y-Gen., Medicaid Fraud Control Unit v. Ballard</u>, 249 W. Va. 304, 895 S.E.2d 159, 172 (2023). In relevant part, the Whistle-Blower Law states:

> (a) No employer may discharge, threaten, or otherwise discriminate or retaliate against an employee by changing the employee's compensation, terms, conditions, location, or privileges of employment because the employee, acting on his or her own volition, or a person acting on behalf of or under the direction of the employee, makes a good faith report, or is about to report, verbally or in writing, to the employer or appropriate authority, an instance of wrongdoing or waste.

W. Va. Code § 6C-1-3(a). Relevant here, the statute defines the following key terms:

> (b) "Employee" means a person who performs a full or part-time service for wages, salary, or other remuneration under a contract of hire, written or oral, express or implied, for a public body.
>
> (c) "Employer" means a person supervising one or more employees, including the employee in question, a superior of that supervisor, or an agent of a public body.
>
> . . .
>
> (e) "Public body" means any of the following:
>
> . . .
>
> (2) A commission, council, department,

---

Court can properly consider whether Plaintiff's claim fails as a matter of law.

> agency, board, court, in its
> nonjudicial functions only,
> official, special district,
> corporation or other
> instrumentality of a county or a
> municipality or a regional or joint
> governing body of one or more
> counties or municipalities; or
>                    . . .

W. Va. Code § 6C-1-2.

The Supreme Court of Appeals of West Virginia has not yet had the opportunity to address the precise question of whether a city councilperson is an "employee" under the Whistle-Blower Law. However, the Court has discussed the definitions of "public official" and "employee" in other contexts, which are instructive here.

> Among the criteria to be considered in
> determining whether a position is an office or
> a mere employment are whether the position was
> created by law; whether the position was
> designated an office; whether the
> qualifications of the appointee have been
> prescribed; whether the duties, tenure,
> salary, bond and oath have been prescribed or
> required; and whether the one occupying the
> position has been constituted a representative
> of the sovereign.

Syl. Pt. 5, State ex rel. Carson v. Wood, 154 W. Va. 397, 397-98, 175 S.E.2d 482, 483 (1970); State ex rel. Key v. Bond, 94 W. Va. 255, 118 S.E. 276 (1923). See also, Hartigan v. Bd. of Regents of W. Virginia Univ., 49 W. Va. 14, 38 S.E. 698, 701 (1901) ("The most important characteristic which distinguishes an office from an employment or contract is that the creation or conferring of an

office involves a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public . . .").

"A member of the council of a municipal corporation, who is elected for a term of years, and receives remuneration for his services as a member of the council, is a public officer of the municipal corporation." State ex rel. Ralich v. Millsop, 138 W. Va. 599, 600, 76 S.E.2d 737, 738 (1953), overruled on other grounds. In contrast, "one who merely performs duties required of him by a public officer or a public agent, under contract, though his employment be in doing public work, is not himself a public officer or public agent, but a mere 'employee'." State ex rel. Key, 118 S.E. at 277.

Defendants argue that summary judgment is appropriate because Plaintiff Mullins was not an employee of the City of Westover and thus cannot bring a claim under the Whistle-Blower Law. ECF No. 39, at p. 21. Rather, Defendants contend that Plaintiff's role as a city councilperson meets the criteria for a public official. Id. Additionally, Defendants assert that the City of Westover does not meet the definition of "employer" under the Whistle-Blower Law and that even if Plaintiff met the statutory requirements, he did not blow any whistles. Id. at pp. 21-22.[5]

---

[5] Because the Court finds that Plaintiff is not an employee under the Whistle-Blower Law, the Court declines to address Defendants'

Notably, Plaintiff did not respond to Defendants' arguments regarding dismissal of the Whistle-Blower claim at the summary judgment stage. However, Plaintiff did object to Defendant's Motion *in Limine* No. 8, which seeks to prohibit Plaintiff from claiming that he is an employee of the City of Westover [ECF No. 52]. In Plaintiff's objection, he claims that determination of his employment status is a jury question and that there are sufficient facts to support that he is outside the definition of a "public officer." ECF No. 66 at pp. 1-2.

While Plaintiff failed to respond to the Whistle-Blower claim in his summary judgment response, as Rule 56 requires, this does not automatically entitle Defendants to summary judgment on this issue. See <u>Segal v. Dinsmore & Shohl, LLP</u>, No. 1:20-CV-267, 2023 WL 2752853, at *5 (N.D.W. Va. Mar. 31, 2023).

> Section (c) of Rule 56 requires that the moving party establish, in addition to the absence of a dispute over any material fact, that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to "a judgment as a matter of law." The failure to respond to the motion does not automatically accomplish this. Thus, the court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled

---

remaining arguments and does not reach the issue of whether the City of Westover is an employer under the Whistle-Blower Law.

> to summary judgment as a matter of law. This
> duty of the court is restated in section (e)
> of the rule, providing, "if the adverse party
> does not so respond, summary judgment, if
> appropriate, shall be entered against the
> adverse party." Fed.   R.  Civ.  P.  56(e)
> (emphasis added).

Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993).

Thus, the court, in considering a motion for summary judgment,

must review the motion, even if unopposed, and determine from the

record before it whether the moving party is entitled to summary

judgment as a matter of law. This duty of the court is restated in

section (e) of the rule, providing, "if the adverse party does not

so respond, summary judgment, if appropriate, shall be entered

against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added).

In considering the record before the Court, as well as the

applicable law, summary judgment is appropriate because a city

council person is not an employee under the Whistle-Blower Law.

The relevant factors support that Plaintiff Mullins was a public

official when serving as a city council person for the City of

Westover. First, the position of city council person was created

by law. West Virginia Code §8-3-2 states that under a "Mayor-

Council Plan"

> (1)  There shall be a city council, elected
>      at large or by wards, or both at large
>      and by wards, by the qualified voters of
>      the city; a mayor elected by the
>      qualified voters of the city; and such
>      other elective officers as the charter
>      may prescribe; and

> (2)  The mayor and council shall be the
> governing body and administrative
> authority.

W. Va. Code §8-3-2. Furthermore, the Charter of the City of Westover provides that "[t]here shall be a City Council of six members." Westover, W. Va. City Charter, art. III, § 3.01(a). Thus, it is clear the position of city council member was created by law and is an office. Second, the qualifications and eligibility for councilmembers are similarly prescribed in the City Charter. Id. at § 3.01(b) ("Only qualified voters of the State of West Virginia shall be eligible to hold the office of councilmember."). Third, the City Charter similarly prescribes (1) councilmember duties including "all duties and obligations imposed on the City by law"; (2) the terms of the office – four years; and (3) that councilmembers may receive a salary and expenses. Id. at §§ 3.01 – 3.03. Moreover, city council members are constituted as a representative of the sovereign City of Westover because "[a]ll powers of the City [are] vested in the Council." Id. at § 3.03. Thus, all the considerations clearly indicate that city council members are not city employees.

Moreover, the City Charter further bolsters this position because it prohibits council members from holding "any other elected public office" or from being "employed by the City." Id. at § 3.04.

13

As Defendants note, Plaintiff was not performing his council member services for wages under a contract for hire, as required, to be deemed an "employee" under the Whistle-Blower Law. See W. Va. Code § 6C-1-2 (b). Rather, he was appointed to the office of city council and then elected for an additional term.

West Virginia jurisprudence clearly distinguishes public officials from public employees. The Court cannot read the definition of "employee" so broadly as to conclude Plaintiff falls within the Whistle-Blower Law's protection. Had the West Virginia legislature intended to provide whistle-blower protection to individuals serving in public office, it could have done so. For example, the West Virginia Public Employees Retirement Act defines "employee" to include "any person who serves regularly as an officer **or** employee . . ." W. Va. Code § 5-10-2. Here, the Legislature did not include such language in the Whistle-Blower Law and the Court declines to broaden the definition of employee.

Accordingly, Plaintiff's whistle-blower claim fails as a matter of law because he is not an "employee" as defined by the Whistle-Blower Law and West Virginia jurisprudence. Thus, Defendants' Motion for Summary Judgment [ECF No. 38] as to Count VIII is **GRANTED** and Count VIII of Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE.**

**B. Defendants' Motion for Summary Judgment is DENIED as to the Assault and Battery claims because disputes of material fact exist.**

A sufficient dispute of material fact exists as to Plaintiff's claims for Assault and Battery to preclude dismissal at the summary judgment stage. "In West Virginia, assault and battery are separate torts." Weigle v. Pifer, 139 F. Supp. 3d 760, 776 (S.D.W. Va. 2015).

> An actor is subject to liability to another for assault if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension.
> * * *
> An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results.

West Virginia Fire & Casualty Co. v. Stanley, 216 W.Va. 40, 51, 52, 602 S.E.2d 483 (2004) (quoting the Restatement (Second) of Torts (1965)). See also, Pegg v. Herrnberger, 845 F.3d 112, 121 (4th Cir. 2017).

However, an activity which would normally subject a person to liability for assault or battery may not constitute a tort if the actor is privileged to engage in the conduct. Miller v. Rubenstein, No. 2:16-CV-05637, 2018 WL 736044, at *16 (S.D.W. Va. Feb. 6, 2018). "[A] person who reasonably apprehends bodily harm by another

15

is privileged under our law to exercise reasonable force to repel the battery. The amount of force used in defense must not be excessive and must be reasonable in relation to the perceived threat." Collins v. Bennett, 199 W. Va. 624, 628, 486 S.E.2d 793, 797 (1997).

"Assault and battery are intentional acts under West Virginia law." Mull v. Griffith, No. 5:17-CV-94, 2019 WL 5295189, at *7 (N.D.W. Va. Oct. 18, 2019) (finding plaintiffs were not entitled to summary judgement because there were issues of material fact concerning defendant's intent to offend, harm, or place plaintiff in reasonable fear). Importantly, "determining intent is fact-intensive, and when the circumstantial evidence of a person's intent is ambiguous, the question of intent cannot be resolved on summary judgment." Braswell v. Jividen, No. 2:20-CV-00872, 2022 WL 14068998, at *8 (S.D.W. Va. Oct. 24, 2022) (quoting Gen. Analytics Corp. v. CNA Ins. Cos., 86 F.3d 51, 54 (4th Cir. 1996)). See also, Miller, 2018 WL 736044 at *16 (denying summary judgment because a genuine dispute existed as to whether defendant acted in good faith or if use of force was excessive).

Here, Defendants argue that summary judgment is appropriate because there is no evidence that either party intended to harm the other. ECF No. 39, at pp. 19-20. Rather, Defendants contend that both parties were taking steps to repel the other in self-defense and were not actively preparing to engage in violence. Id.

16

In contrast, Plaintiff asserts that there are sufficient factual questions to present to a jury based upon the audio recording and Plaintiff's deposition testimony. ECF No. 43, at pp. 14-15. Specifically, Plaintiff claims he presented sufficient evidence to support that Defendant Johnson was the aggressor and that Plaintiff was in apprehension of a perceived threat. Id.

The Court agrees with Plaintiff that there are genuine disputes of material fact that a jury must resolve. Defendants and Plaintiff clearly do not agree on who was the aggressor on February 22, 2022, and the audio recording is not so easily discernable to eliminate any question of fact. The Court is not persuaded by Defendants' dual self-defense argument. Rather, it is clearly a dispute of fact if both parties believe the other was the aggressor and themselves engaged in self-defense.

Furthermore, a dispute of material fact exists regarding Defendant Johnson's requisite intent for assault and battery. Plaintiff is correct that the audio recording from the February 22, 2022 meeting creates a factual issue regarding intent. Defendant Johnson's conduct, language, and comments during the council meeting could, or could not, be found by a jury to meet the requisite intent for liability. Similarly, reasonable minds could differ on whether Plaintiff was in imminent apprehension of a harmful contact. Because determining intent is a fact-intensive process and there are differing accounts of the altercation,

summary judgment is not appropriate. Thus, viewing the evidence in the light most favorable to the non-moving party and drawing any reasonable inferences in the non-moving party's favor, Defendants' Motion for Summary Judgment [ECF No. 38] as to Counts VI and VII is **DENIED.**

### V.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [ECF No. 38] is **GRANTED** as to Plaintiff's claim under the Whistle-Blower Law (Count VIII) and Count VIII of Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE.** As this was the only remaining claim against the City of Westover and Timothy Stranko, they are hereby **DISMISSED** as Defendants. Defendants' Motion for Summary Judgment [ECF No. 38] is **DENIED** as to Plaintiff's claims for Assault (Count VI) and Battery (Count VII). Accordingly, Plaintiff Ralph J. Mullins and Defendant Cranston David Johnson will proceed to trial on May 20, 2024 on these two discrete claims.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by the CM/ECF system.

**DATED:**  May 14, 2024

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA